Slip Op. 19-141

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **PERRY CHEMICAL CORPORATION,** | |
| **Plaintiff,** | **Before: Claire R. Kelly, Judge** |
| **v.** | **Court No. 15-00168** |
| **UNITED STATES,** | **PUBLIC VERSION** |
| **Defendant.** | |

## <u>OPINION AND ORDER</u>

[Denying Defendant's motion for reconsideration and rejecting its notice of errata.]

Dated: November 13, 2019

<u>Kelly A. Slater</u>, <u>Edmund W. Sim</u>, and <u>Jay Y. Nee</u>, Appleton Luff Pte Ltd., of Washington, DC, for Perry Chemical Corporation.

<u>Joseph H. Hunt</u>, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant.  With him on the brief were <u>Jeanne E. Davidson</u>, Director, <u>Reginald T. Blades, Jr.</u>, Assistant Director, and <u>Meen Geu Oh</u>, Trial Attorney.  Of Counsel on the brief was <u>Jessica M. Link</u>, Assistant Chief Counsel, Office of the Chief Counsel for Enforcement and Compliance, U.S. Department of Justice, of Washington, DC.

Kelly, Judge:  Before the court is a notice of errata and motion for reconsideration filed by Defendant pursuant to Rule 60(b) of the Rules of the U.S. Court of International Trade ("USCIT").  <u>See</u> Def.'s Not. Errata & Mot. Reconsideration Based Upon Erroneous Resp. to Ct.'s Mar. 12, 2019 Letter, June 24, 2019, ECF No. 58 ("Def.'s Mot.").  Defendant requests the court to accept the notice of errata and reconsider its decision to deny a motion partially dismissing Perry Chemical Corporation's ("Perry" or "Plaintiff") complaint in Slip Opinion 19-43, dated April 5, 2019, <u>Perry Chemical Corporation v. United States</u>,

Court No. 15-00168                                                                                          Page 2
**PUBLIC VERSION**

43 CIT __, __, 375 F. Supp. 3d 1324, 1339 (2019) ("Perry I"), claiming the court relied on

an erroneous statement made by Defendant to reach its holding.  See Def.'s Mot. at 1–2;

see also Def.'s Reply Supp. Not. Errata & Mot. Reconsideration at 1–2, 9, Oct. 10, 2019,

ECF No. 74 ("Def.'s Reply Br.").  Plaintiff argues that Defendant's motion is procedurally

inappropriate and also disagrees that Defendant erred.  See Pl. [Perry's] Resp. to [Def.'s

Mot.] at 1–2, 8–9, Sept. 5, 2019, ECF No. 69 ("Pl.'s Resp. Br.").  Plaintiff therefore

requests the court to reject the notice of errata and deny the motion for reconsideration.[1]

Id.  For the reasons that follow, Defendant's notice of errata is rejected and its motion for

reconsideration is denied.

## BACKGROUND

In Perry I, Perry sought a writ of mandamus directing Commerce to issue

instructions to Customs and Border Protection ("CBP") to reliquidate certain entries of

polyvinyl alcohol ("PVA") from Taiwan, produced and exported by Chang Chun

Petrochemical Co. Ltd. ("Chang Chun"), without regard to antidumping duties, because

the Department of Commerce's ("Department" or "Commerce") January 28, 2014 Timken

notice revoked the relevant antidumping duty ("ADD") order.[2]  Perry I, 375 F. Supp. 3d at

---

[1] Plaintiff views Defendant's notice of errata as support for Defendant's motion for reconsideration, rather than separate requests.  See Pl.'s Resp. Br. at 2.  As Plaintiff asserts that the Government's notice of errata is in error, Plaintiff argues that the motion for reconsideration is unwarranted.  See id. at 2, 4–5.  Therefore, the court understands Plaintiff's opposition to Defendant's motion for reconsideration to encompass opposition to the notice of errata.

[2] The Timken notice stems from Timken Co. v. United States, 893 F.2d 337 (Fed. Cir. 1990), where the Court of Appeals for the Federal Circuit interpreted 19 U.S.C. § 1516a(c)(1) to require Commerce to notify the public when a court's final judgment in a case is "not in harmony" with an original agency determination.  See id. at 341.

1330–31; see also Compl. at ¶¶ 1, 11–35, June 19, 2015, ECF No. 4; Def.'s Partial Mot.

Dismiss Pl.'s Compl. With Respect Previously Liquidated Entries & Entries For Which Pl.

Had No Injury, Sept. 16, 2015, ECF No. 14 ("Def.'s Partial Mot. Dismiss").  Specifically,

Perry asked the court to order reliquidation of entries relating to the period of the second

administrative review (AR2)[3] as well as entries in connection with a timeframe following

that period ("Open Period").  See Perry I, 375 F. Supp. 3d at 1330–31, 1333; see also

Compl. at ¶ 33.    Perry claimed that because the ADD order had been revoked,

Commerce's post-Timken instructions were unlawful and any entries that had been

liquidated should be reliquidated.  See Perry I, 375 F. Supp. 3d at 1333.  Defendant

argued that Perry's claim should be dismissed with respect to the AR2 entries,[4] as Perry

had failed to protect itself from possible liquidation by either participating in the

administrative processes, or seeking an injunction against liquidation from the court, and

therefore it had failed to state a claim. Id.

Prior to issuing Perry I, following briefing and oral argument, the court notified the

parties that it was unclear whether all the AR2 "entries were liquidated prior to January

28, 2014, the date on which [Commerce] published the Timken Notice."  See Letter, Mar.

12, 2019, ECF No. 47.  The court requested that the parties confirm whether "all the

entries made during the AR2 period were in fact liquidated . . . prior [to] the Timken notice."

---

[3] The second administrative review covered the period March 1, 2012 through February 28, 2013.
See Perry I, 375, F. Supp. 3d at 1328–29 (citing Initiation of Antidumping and Countervailing Duty
Administrative Reviews and Request for Revocation in Part, 78 Fed. Reg. 25,418, 25,420 (Dep't
Commerce May 1, 2013)).

[4] Defendant did not seek to dismiss Perry's claim with respect to the Open Period entries. See
generally Def.'s Partial Mot. Dismiss at 1, 7–15.

Court No. 15-00168                                                                    Page 4
**PUBLIC VERSION**

Id.  In response, Plaintiff stated that "[t]o the best of [its] knowledge . . . all such entries were in fact liquidated prior to January 28, 2014." Pl.'s Resp. to Ct.'s Mar. 12, 2019 Letter, Mar. 20, 2019, ECF No. 48.  Defendant, however, reported that "there were a small number of entries . . . that liquidated after January 28, 2014." Def.'s Resp. to Ct.'s Mar. 12, 2019 Letter, Mar. 20, 2019, ECF No. 49.  Subsequently, this court held that Perry had failed to state a claim for which relief could be granted for those AR2 entries that had liquidated prior to the revocation of the order on January 28, 2014. Id. at 1334, 1339. Prior to that time, Commerce's instructions were lawful, and Perry failed to protect its interests by forestalling liquidation. Id. at 1337.

Although the court dismissed Perry's complaint with respect to AR2 entries of PVA that had liquidated prior to the revocation of the order, the court declined to dismiss Perry's complaint with respect to entries "entered or withdrawn from warehouse during [AR2] that were not liquidated on or before January 28, 2014, the date on which Commerce issued the Timken/Revocation Notice[.]"  Perry I, 375 F. Supp. 3d at 1339. Defendant now, in its notice of errata and motion for reconsideration, represents that "all entries produced and exported by [Chang Chun] and imported by Perry during the AR2 period were liquidated before January 28, 2014." Def.'s Mot. at 2–3 (emphasis omitted). Defendant asks the court to reconsider its order partially dismissing the complaint. Id. at 1; see also Def.'s Reply Br. at 1–3.  Defendant contends that its misstatement that there were unliquidated AR2 entries at the time of the revocation order was the result of an overly broad search of relevant CBP data.  Def.'s Mot. at 3.  As support, Defendant

Court No. 15-00168                                                                    Page 5
**PUBLIC VERSION**

provided the results of its search[5] for all entries with ADD number [[                    ]]

imported by Perry, which identify entries from both Chang Chun and another entity.[6]  See

Def.'s Not. Filing Confid. Info. at Spreadsheet 1, July 16, 2019, ECF No. 64 ("Def.'s

Confid. Info."); see also Def.'s Reply Br. at 2.[7]  Defendant explains that it "included in [its]

search entries produced by Perry's other apparent trading partner, . . . which included

entries that were liquidated after [January 28, 2014]."  Def.'s Reply Br. at 2.  However,

"these entries were never defined as part of Perry's complaint."  Id. (citing Compl. at ¶ 1).

Defendant contends that this other entity is "not subject to the scope of this litigation."

See id. at 6, 8–9.  Perry claims that the Defendant's query, which identified this other

entity as the producer and exporter, is itself in error; further, Perry submits documentation

to show that the entries which were purportedly exported by this other entity were in fact

produced and exported by Chang Chun.  Pl.'s Resp. Br. at 6–8, Exs. 1–20.[8]

---

[5] In the notice of errata and motion for reconsideration, Defendant informed the court that Perry was unable to view the underlying confidential CBP data and provide its position on the motion. See Def.'s Mot. at 5.  Therefore, to facilitate the exchange of confidential information, the court instructed the parties to confer and propose a joint protective order.  See Letter, June 25, 2019, ECF No. 59.  The court then granted the parties' motion for a protective order.  See Protective Order, July 10, 2019, ECF No. 61.

[6] The other entity is [[                                                       ]].  See Def.'s Confid. Info.; see also Pl.'s Resp. Br. at 8.

[7] Defendant contends that "Perry used the same [ADD] case number, [[                              ]], to identify entries from two independent manufacturers, each with its own manufacturing identification number." Def.'s Reply Br. at 6.

[8] According to Plaintiff, "review of the packages attached as Exhibits 1–20 and reconciliation of the data . . . prove that Perry did have entries of subject PVA during [AR2] which liquidated after January 28, 2019 [sic]."  Pl.'s Resp. Br. at 8.

## JURISDICTION AND STANDARD OF REVIEW

The court exercises jurisdiction pursuant to 28 U.S.C. § 1581(i)(4) (2012), which authorizes the court to review the administration and enforcement of, inter alia, ADD determinations under section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a.[9]

A USCIT Rule 60 motion for reconsideration, appropriate where there has been a final judgment, "serves as 'a mechanism to correct a significant flaw in the original judgment' by directing the court to review material points of law or fact previously overlooked[.]"  RHI Refractories Liaoning Co. v. United States, 35 CIT 130, 131, 752 F. Supp. 2d 1377, 1380 (2011) (quoting United States v. UPS Customhouse Brokerage, Inc., 34 CIT 745, 748, 714 F. Supp. 2d 1296, 1301 (2010)).  A court may reconsider a non-final judgment, pursuant to USCIT Rule 54 "'as justice requires,' meaning when the court determines that 'reconsideration is necessary under the relevant circumstances.'" Irwin Indus. Tool Co. v. United States, 41 CIT __, __, 269 F. Supp. 3d 1294, 1300–01 (2017) (quoting Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005)), aff'd, 920 F.3d 1356 (Fed. Cir. 2019).

---

[9] Further citations to the Tariff Act of 1930, as amended, are to relevant provisions of Title 19 of the U.S. Code, 2012 edition.

## DISCUSSION

Defendant requests the court to reconsider its decision in <u>Perry I</u> pursuant to USCIT Rule 60(b), which may relieve a party from an order or final judgment.  <u>See</u> Def.'s Mot. at 1, 3–5.  Defendant claims that it mistakenly represented there were exports of PVA produced by Chang Chun and imported by Plaintiff that were not liquidated at the time of the revocation of the relevant ADD order.  <u>See</u> <u>id.</u> at 2–3; <u>see also</u> Def.'s Reply Br. at 2–3.  Plaintiff opposes Defendant's motion arguing that Rule 60(b) does not apply to interlocutory decisions and, even if it did, Defendant has not made the requisite showing under Rule 60(b) that would warrant the relief it seeks.  <u>See</u> Pl.'s Resp. Br. at 1–2.  Plaintiff further claims that Defendant's "correction" in its notice of errata and motion for reconsideration is in fact a mistake, because there were exports of PVA produced by Chang Chun and imported by Plaintiff which were not liquidated at the time of the revocation.  <u>Id.</u> at 2, 6–9.  Defendant's notice of errata is rejected, and its motion is denied.  Although the court has the power to reconsider its interlocutory order, Defendant has not demonstrated that doing so is necessary in this case.[10]

Although the Defendant moves under Rule 60, which pertains to final orders,[11] the court nonetheless retains the general power to reconsider non-final orders.  <u>See, e.g.,</u>

---

[10] While the court also rejects Defendant's notice of errata, it does so without prejudice to assertions the parties may make at a future point.

[11] Pursuant to USCIT Rule 60(b), a party may seek relief from "a final judgment, order, or proceeding" for reason of, inter alia, "mistake, inadvertence, surprise, or excusable neglect[.]" <u>See</u> USCIT R. 60(b)(1).  The language of USCIT Rule 60(b) is nearly identical to Federal Rule of Civil

(footnote continued)

<u>Union Steel v. United States</u>, 35 CIT 1647, 1659, 804 F. Supp. 2d 1356, 1367 (2011).

USCIT Rule 54(b), which mirrors Rule 54(b) of the Federal Rules of Civil Procedure,

allows the court to revisit non-final determinations, as justice requires, meaning when

necessary under the relevant circumstances.[12]  <u>See</u> <u>Irwin Indus. Tool</u>, 269 F. Supp. 3d at

1300–01.  The court may consider "whether there has been a controlling or significant

change in the law or whether the court previously 'patently' misunderstood the parties,

decided issues beyond those presented, or failed to consider controlling decisions or

data."  <u>Id.</u> at 1301 (citations omitted).  The movant carries the burden of proving that

"some harm, legal or at least tangible," would accompany a denial of the motion. <u>Cobell</u>,

355 F. Supp. 2d at 540.

---

Procedure Rule 60(b).  <u>Compare</u> USCIT R. 60(b) <u>with</u> Fed. R. Civ. P. 60(b).  "In some circumstances, a court may use the Federal Rules of Civil Procedure as a guide to construe the USCIT Rules." <u>Gilmore Steel Corp., Or. Steel Mills Div. v. United States</u>, 11 CIT 39, 44, 652 F. Supp. 1545, 1549 n.5 (1987) and USCIT R. 1 ("The court may refer for guidance to the rules of other courts.").  Courts have held that Federal Rule of Civil Procedure Rule 60(b) allows relief only from final judgments, final orders, and final proceedings.  <u>See</u> Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2852 (3d ed.) ("[T]he power of a court to modify an interlocutory judgment or order at any time prior to final judgment . . . is not limited by the provisions of Rule 60(b)."); <u>see also</u> <u>Yancheng Baolong Biochemical Products Co., Ltd. v. United States</u>, 28 CIT 578, 589, 343 F. Supp. 2d 1226, 1231 (2004).  Accordingly, District Courts have denied parties' motions to reconsider interlocutory orders, such as an order granting a partial motion to dismiss.  <u>See, e.g.</u>, <u>Evans v. Inmate Calling Solutions</u>, No. 3:08–CV–0353–RCJ, 2010 WL 1727841 (D. Nev. 2010); <u>Tofsrud v. Potter</u>, No. CV–10–90–JLQ, 2010 WL 3938173 (E.D. Wash. 2010).  Here, the court's order in <u>Perry I</u> is interlocutory, because it addressed only Perry's PVA entries during AR2, but not during the Open Period.  <u>Compare</u> Compl. at ¶ 35 <u>with</u> <u>Perry I</u>, 375 F. Supp. 3d at 1339. Therefore, those latter entries remain at issue in this proceeding, which renders Rule 60(b) an inappropriate basis for Defendant to seek reconsideration of the court's interlocutory order in <u>Perry I</u>.

[12] USCIT Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  USCIT R. 54(b); <u>see also</u> Fed. R. Civ. P. 54(b).

**PUBLIC VERSION**

　　　　Reconsideration is not necessary under these circumstances.  Even if Defendant is correct that its prior statement is incorrect, nothing would change in the court's order in Perry I.  Specifically, the court ordered Defendant's motion to dismiss denied "with respect to entries of PVA from Taiwan entered or withdrawn from warehouse during [AR2] that were not liquidated on or before January 28, 2014, the date on which Commerce issued the Timken/Revocation Notice[.]"  Perry I, 375 F. Supp. 3d at 1339.  Whether or not there were in fact unliquidated AR2 entries prior to the revocation may be a question of fact which the parties can continue to litigate, but it has no impact on the court's reasoning or its holding.  It appears that Defendant hopes to cut-off any potential litigation concerning Perry's pre-Timken notice, unliquidated AR2 entries, contending that any such entries are not Chang Chun's exports and therefore not properly before the court.  See Def.'s Mot. at 4; Def.'s Reply Br. at 7–9.  Perry's position seems to be that any unliquidated entries are in fact Chang Chun's exports and therefore the proper subject of this lawsuit.  See Pl.'s Resp. Br. at 6–9.  Nothing in Perry I's order prejudices either party's position concerning the scope of the complaint, and the court only denied Defendant's partial motion to dismiss with respect to any AR2 entries that were in fact unliquidated at the time of the revocation.  See Perry I, 375 F. Supp. 3d at 1339.  Given that no harm would accompany the denial of Defendant's motion for reconsideration, it is denied, and its notice of errata is rejected.

Court No. 15-00168                                                                        Page 10
**PUBLIC VERSION**

### CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Notice of Errata is rejected and its Motion for

Reconsideration is denied.


   /s/ Claire R. Kelly
   Claire R. Kelly, Judge


Dated: November 13, 2019
   New York, New York