Slip Op. 20-101

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PERRY CHEMICAL CORPORATION,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | Before: Claire R. Kelly, Judge <br><br> Court No. 15-00168 <br> **PUBLIC VERSION** |

# OPINION AND ORDER

[Granting in part and denying in part plaintiff's motion for judgment on the agency record.]

Dated: July 22, 2020

Kelly A. Slater, Edmund W. Sim, and Jay Y. Nee, of Appleton Luff PTE LTD, of Washington, DC, for plaintiff Perry Chemical Corporation.

Joseph H. Hunt, Assistant Attorney General, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for defendant. With him on the brief were Jeanne E. Davidson, Director, Reginald T. Blades, Jr., Assistant Director, and Meen Geu Oh, Trial Attorney. Of counsel was Jessica M. Link, Assistant Chief Counsel, Office of the Chief Counsel for Enforcement and Compliance, U.S. Department of Commerce.

Kelly, Judge: Perry Chemical Corporation ("Perry") brings this action for judgment on the agency record pursuant to U.S. Court of International Trade Rule 56.1 as well as seeks a writ of mandamus compelling the U.S. Department of Commerce ("Commerce" or "Department") to issue corrected liquidation instructions to the U.S. Customs and Border Protection ("CBP"), directing reliquidation of certain entries of polyvinyl alcohol ("PVA") from Taiwan produced and exported by Chang

Chun Petrochemical Co. Ltd. ("Chang Chun"), and to refund all cash deposits, with interest, made by Perry. See Compl. at ¶ 1, June 19, 2015, ECF No. 4; R. 56.1 Mot. J. Agency R. on Behalf of Pl. [Perry], Feb. 7, 2020, ECF No. 85 ("Pl.'s R.56.1 Mot."); Pet. Writ Mandamus, June 19, 2015, ECF No. 5. Specifically, Perry requests reliquidation without regard for antidumping duties ("ADD"), in accordance with Commerce's final determination and revocation of the ADD order covering PVA from Taiwan, for entries liquidated on or after publication of a Timken notice (i.e., January 28, 2014), as well as for entries made during the time periods (1) March 1, 2012 through February 28, 2013 ("AR2 Period") and (2) March 1, 2013 through December 29, 2013 ("Open Period").[1] See Pl.'s R. 56.1 Mot. at 1–2; Memo. Supp. Pl. [Perry's] R. 56.1 Mot. J. Agency R. at 1–2, Feb. 7, 2020, ECF No. 86 ("Pl.'s Br."); see also [PVA] from Taiwan, 79 Fed. Reg. 4,442 (Dep't Commerce Jan. 28, 2014) (notice of ct. decision not in harmony with final determination of sales at less than fair value and revocation of [ADD] order) ("Timken Notice"). Defendant opposes Plaintiff's request for a writ of mandamus. See Def.'s Resp. Opp'n [Pl.'s Br.] at 1, 4 n.3, 6–12, Mar. 4, 2020, ECF

---

[1] Perry was not required to pay cash deposits for part of the Open Period, from June 24, 2013 to December 29, 2013, because the deposit rate was set to 0.00%. See Compl. at 9 n.3; see also CBP Message No. 3177303 at 2; AR1 Final Results. However, Perry's request for relief encompasses all Open Period entries because, even though no deposits were collected, "Commerce still failed to order proper liquidation at the zero rate on the basis of the revocation of the [ADD Order]." Compl. at 10 n.4.

No. 88 ("Def.'s Br.").² For the reasons that follow, Commerce's Post-Timken Instructions and liquidation of Open Period entries are contrary to law. However, Commerce's liquidation of Perry's AR2 entries is in accordance with law.

## BACKGROUND

In April 2011, Chang Chun initiated an action challenging certain aspects of the final determination in the original investigation of PVA from Taiwan. See [PVA] from Taiwan, 76 Fed. Reg. 5,562 (Dep't Commerce Feb. 1, 2011) (final determination of sales at less than fair value) ("Final Results"); [ADD] Order: [PVA] From Taiwan, 76 Fed. Reg. 13,982 (Dep't Commerce Mar. 15, 2011) ("ADD Order"); see also Summons, Apr. 14, 2011, ECF No. 1 (from Dkt. Consol. Ct. No. 11-00095); Compl., May 16, 2011, ECF No. 8 (from Dkt. Consol. Ct. No. 11-00095). While the lawsuit progressed, Commerce, on April 30, 2012, initiated the first administrative review ("AR1") of the ADD Order, covering the period of review, September 13, 2010 through

---

² Defendant argues that Plaintiff's petition for a writ of mandamus is procedurally improper. See Def.'s Br. at 4 n.3. Defendant aptly notes that the existence of an alternate APA remedy would preclude issuance of a writ of mandamus and acknowledges that it is within the Court's authority to issue a mandatory injunction, id. (citing Erwin Hymer Grp. N. Am., Inc. v. United States, 41 CIT __, __, 273 F. Supp. 3d 1336, 1345 (2017), rev'd on other grounds, 930 F.3d 1370 (Fed. Cir. 2019)), which has been construed to be "essentially in the nature of mandamus relief[.]" See Mt. Emmons Min. Co. v. Babbitt, 117 F.3d 1167, 1170 (10th Cir. 1997). However Perry fashions its request for relief—under 5 U.S.C. § 706(1) or as mandamus—it seeks a mandatory injunction directing CBP to perform an action unlawfully withheld. Cf. Tobacos de Wilson, Inc. v. United States, 42 CIT __, 324 F. Supp. 3d 1304, 1316 n.11 (2018). It is within the Court's authority to grant such relief, and, given that Perry has stated a claim for relief under 19 U.S.C. § 1581(i), the court will construe Perry's claim for relief under the APA.

February 29, 2012.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part, 77 Fed. Reg. 25,401, 25,402 (Dep't Commerce Apr. 30, 2012); see also [PVA] From Taiwan, 78 Fed. Reg. 20,890, 20,890 (Dep't Commerce Apr. 8, 2013) (preliminary results of [ADD] admin. review; 2010–2012) ("Prelim. Results").  Chang Chun participated as the sole respondent.  Prelim. Results, 78 Fed. Reg. at 20,890.

On April 10, 2013, the court issued its decision, remanding certain aspects of Commerce's final determination.  See Chang Chun Petrochemical Co. v. United States, 37 CIT 514, 530, 906 F. Supp. 2d 1369, 1382 (2013) ("Chang Chun I").  Soon after, and before the conclusion of AR1, Commerce announced the initiation of the second administrative review ("AR2") of the ADD Order for the period of review, March 1, 2012 through February 28, 2013, where Chang Chun again was the only respondent.  See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part, 78 Fed. Reg. 25,418, 25,420 (Dep't Commerce May 1, 2013).  On June 24, 2013, Commerce concluded AR1 and calculated a 0.00% dumping margin for Chang Chun.  [PVA] from Taiwan, 78 Fed. Reg. 37,794, 37,795 (Dep't Commerce June 24, 2013) (final results of [ADD] admin. review; 2010–2012) ("AR1 Final Results").  Commerce instructed CBP to revise the cash deposit rate for Chang Chun's entries of subject PVA to 0.00%, effective June 24, 2013. [3]  See

---

[3] CBP liquidated a small number of Perry's AR1 entries at rates other than zero, which Perry protested before CBP.  Compl. at 7 n.1.

Cash Deposit Instructions for [PVA] from Taiwan (A-583-841), Message No. 3177303, PD 45, (June 26, 2013) ("CBP Message No. 3177303").[4] Prior to that date, Perry had paid cash deposits equivalent to the margin calculated in the Final Results, i.e., 3.08%, on entries made from February 1, 2011. On July 1, 2013, following Chang Chun's withdrawal of its request for administrative review, Commerce rescinded AR2.[5] See [PVA] From Taiwan, 78 Fed. Reg. 39,256 (Dep't Commerce July 1, 2013) (rescission of [ADD] administrative review; 2012–2013). Commerce instructed CPB to liquidate all entries of Chang Chun's subject PVA made during the AR2 period at the cash deposit rate at the time of entry, i.e., 3.08%. See Notification of Rescission of Admin. Review (A-583-841), Message No. 3199303 at ¶ 1, PD 7, (July 18, 2013) ("July Notice").

On July 12, 2013, Commerce issued its remand redetermination pursuant to Chang Chun I and calculated a weighted average dumping margin of 0.00% for Chang Chun. Results of Redetermination Pursuant to Court Remand, July 12, 2013, ECF No. 47-1 (from Dkt. Consol. Ct. No. 11-00095) ("Remand Results"). Following the court's decision sustaining the Remand Results, see Chang Chun Petrochemical Co.

---

[4] On January 1, 2020, Defendant filed indices to the public and confidential administrative records underlying CBP's liquidation of Perry's entries, on the docket, at ECF Nos. 83 and 84, respectively. Citations to administrative record documents in this opinion are to the numbers Commerce assigned to such documents in the indices.

[5] Pursuant to 19 C.F.R. § 351.213(d)(1), Commerce will rescind an administrative review "in whole or in part, if a party that requested a review withdraws the request within 90 days of the date of publication of notice of initiation of the requested review."

v. United States, 37 CIT 1716, 1724, 953 F. Supp. 2d 1300, 1307 (2013) ("Chang Chun II"), Commerce published a Timken notice[6] on January 28, 2014, amending its Final Results and revoking the ADD Order in full. See Timken Notice, 79 Fed. Reg. at 4,442. On March 14, 2014, Commerce issued additional instructions directing CBP to liquidate Chang Chun's PVA entries made during the Open Period at the cash deposit rate in place at the time of entry ("Post-Timken Instructions").[7] Liquidation Instructions for [PVA] from Taiwan Produced and/or Exported by [Chang Chun] and Revocation of [ADD] Order (A-570-583-841), Message No. 4073303, PD 1, (Mar. 14, 2014) ("Post-Timken Instructions"); see also Timken Notice, 79 Fed. Reg. at 4,442 n.2 (explaining the effective date of Chang Chun II). Commerce's instructions specified that only the entries made on or after December 30, 2013 would be liquidated at 0.00%. See Post-Timken Instructions at ¶ 3. However, the instructions did not address AR2 entries that had not yet liquidated as of January 28, 2014. See id.

Subsequently, Perry initiated the present action. See Summons; Compl. On September 16, 2015, Defendant moved to partially dismiss Perry's complaint. See

---

[6] The Timken notice stems from Timken Co. v. United States, 893 F.2d 337 (Fed. Cir. 1990), as clarified by Diamond Sawblades Mfrs. Coalition v. United States, 626 F.3d 1374 (Fed. Cir. 2010), where the Court of Appeals for the Federal Circuit interpreted the requirements of 19 U.S.C. § 1516a(c)(1). Commerce must notify the public when a court's final judgment in a case is "not in harmony" with an original agency determination, and Commerce will suspend liquidation to ensure that post-notice entries are liquidated at a rate consistent with a conclusive court decision. Timken Co., 893 F.2d at 341.

[7] Liquidation for these entries was suspended pending a request for an administrative review. See 19 C.F.R. § 351.213.

Def.'s Partial Mot. Dismiss Pl.'s Compl. With Respect to Previously Liquidated Entries and Entries for Which Pl. Had No Injury, Sept. 16, 2015, ECF No. 14.  The court granted the motion in part, holding that Perry lacked standing with respect to entries for which it was not the importer and, further, that Perry had failed to state a claim for which relief could be granted for AR2 entries that had liquidated prior to the revocation of the ADD Order on January 28, 2014, because Perry failed to protect its interests by forestalling liquidation.  See Perry Chemical Corporation v. United States, 43 CIT __, __, 375 F. Supp. 3d 1324, 1333–39 (2019) ("Perry I").  However, the court declined to dismiss Perry's claim with respect to AR2 entries "that were not liquidated on or before January 28, 2014, the date on which Commerce issued the Timken/Revocation Notice[.]"  Id., 43 CIT at __, 375 F. Supp. 3d at 1339; see also Perry Chemical Corporation v. United States, 43 CIT __, 415 F. Supp. 3d 1260 (2019) (denying Defendant's motion for reconsideration of Perry I and rejecting its notice of errata) ("Perry II").  The government conceded that, with respect to entries Perry imported from Chang Chun during the Open Period, those entries were liquidated unlawfully.  See Def.'s Supp. Br. Resp. Ct.'s July 19, 2016 Order at 15 n.3, Sept. 6, 2016, ECF No. 34.

On April 29, 2020, the court issued a letter to the parties, requesting further information as to the manufacturer of Perry's AR2 entries.  See Letter, Apr. 29, 2020,

Court No. 15-00168                                                                                                Page 8
**PUBLIC VERSION**

ECF No. 91.[8] Although Defendant initially contended that another entity[9] was the producer and exporter of the AR2 entries, see Def.'s Br. at 9–12, in response to the court's letter, Defendant concedes, and agrees with Perry, that the AR2 entries are manufactured by Chang Chun. See Def.'s Resp. Ct. Letter at 8–9, June 12, 2020, ECF No. 102 ("Def.'s Letter"); see also Pl.'s Resp. Ct. Letter at 2–3, June 12, 2020, ECF No. 100; [Pl.'s] Cmts. Resp. [Def.'s Letter] at 1–2, June 19, 2020, ECF No. 104 ("Pl.'s Resp. Def.'s Letter"). However, Defendant now contends that the subject entries were deemed liquidated prior to the issuance of the Timken Notice. See Def.'s Letter at 8.

## JURISDICTION AND STANDARD OF REVIEW

The court exercises jurisdiction pursuant to 28 U.S.C. § 1581(i)(4) (2012), which authorizes the court to review the administration and enforcement of, inter alia, ADD determinations under section 516A of the Tariff Act of 1930, as amended,

---

[8] The court requested clarification in light of the parties' apparent disagreement as to the identity of the producer and exporter of Perry's AR2 entries. See generally Letter. Specifically, Defendant contended that there were no post-Timken AR2 entries for which Chang Chun was the producer and exporter, because of inconsistencies between the name of the manufacturer listed in CBP's database records and that on the supporting customs documentation. See Def's Br. at 9–12. Defendant explained that Perry cannot recover for entries based on the AD case number, which is assigned to both Chang Chun and another entity, when its complaint only seeks reliquidation of entries produced and exported by Chang Chun. Id. at 9–12.

[9] The other entity is [[                                                                 ]]. See All POR2 Entries Imported by Perry Chemical Corporation, CD 1; see also POR2 Entries Imported By Perry Chemical Corporation with Liquidation Dates on or after January 29, 2014, CD 22.

Court No. 15-00168                                                                                               Page 9
**PUBLIC VERSION**

19 U.S.C. § 1516a.[10] Commerce's liquidation instructions are reviewable under the Administrative Procedures Act ("APA"). See Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1312 (Fed. Cir. 2004); see also 5 U.S.C. § 702 (2000). Under the APA, the court "shall compel [an] agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004) (emphasis omitted). The court's scope of review of actions commenced pursuant to this provision is limited, and may not be wielded to prescribe the manner in which an agency is to carry out the compelled act, or "to specify what the action must be." Id. at 65. The court "shall hold unlawful and set aside agency action" that is "not in accordance with law." 5 U.S.C. § 706(2)(A).

## DISCUSSION

Perry contends that Commerce's Post-Timken Instructions and the post-Timken notice liquidations of AR2 and Open Period entries are unlawful, because they fail to implement Commerce's Timken Notice, amending the final determination and revoking the ADD Order, as well as fail to give effect to Chang Chun II. See Pl.'s Mot. at 2–3; see also Pl.'s Br. at 1–2. Defendant concedes that the Post-Timken Instructions and post-Timken notice liquidation of Open Period entries are not in

---

[10] Further citations to the Tariff Act of 1930, as amended, are to relevant provisions of Title 19 of the U.S. Code, 2012 edition.

accordance with law and agrees that Perry is entitled to a refund of cash deposits paid, with interest, for the Open Period entries for which it was the importer. See Def.'s Br. at 8–9; see also [Def's] Answer at 7, Jan. 10, 2020, ECF No. 82. However, Defendant contends that the AR2 entries for which Chang Chun was the producer and exporter were deemed liquidated prior to the issuance of the Timken Notice. See Def.'s Letter at 8–9.[11] For the reasons that follow, Commerce's Post-Timken Instructions and the post-Timken notice liquidations of Open Period entries are unlawful, while Commerce's pre-Timken notice liquidations of AR2 and Open Period entries are lawful. Cf. Perry I, 43 CIT at __, 375 F. Supp. 3d at 1339. Perry is entitled to a refund of cash deposits paid, with interest, for only those entries that had not liquidated, prior to the Timken Notice for which it was the importer and Chang Chun was the producer and exporter.

## I.   AR2 Entries

Perry contends that the liquidation of AR2 entries, after January 28, 2014, at the rate in effect in the time of entry is unlawful, by failing to give effect to Chang Chun II and the Timken Notice. See Pl.'s Br. at 7–8. Perry seeks reliquidation of those entries without regard to antidumping duties. Id. at 9–10. Defendant agrees that Plaintiff would have been entitled to relief if there were any AR2 entries that

---

[11] In light of Defendant's concession that the AR2 entries are produced and exported by Chang Chun, not [[          ]], the court considers Defendant's argument regarding the identity of the producer and exporter to be moot. See Def.'s Br. at 9–12.

remained unliquidated, however, it contends all the AR2 entries were deemed liquidated pursuant to 19 U.S.C. § 1504(d) prior to the Timken Notice. See Def.'s Br. at 9–10; Def.'s Letter at 8–9. For the reasons that follow, Perry is not entitled to a reliquidation or refund of cash deposits paid for AR2 entries because those entries were deemed liquidated by operation of law prior to the Timken Notice.

Liquidation is the "final computation or ascertainment of duties on entries." 19 C.F.R. § 159.1 (2012). CBP liquidates merchandise based on information entered by the importer of record (or by its agent). See 19 U.S.C. § 1484; see also 19 C.F.R. §§ 141.0a, 141.4. As a general rule, "entries of merchandise . . . covered by a determination of the Secretary . . . shall be liquidated in accordance with the determination of the Secretary." 19 U.S.C. § 1516a(c)(1). When entries previously suspended by statute or court order are no longer subject to suspension, CBP must liquidate those entries within six months after receiving notice of the removal of suspension on liquidation from Commerce. Id. at § 1504(d). Any entries not liquidated within that time frame are deemed liquidated "at the rate of duty . . . asserted by the importer of record." Id.[12] Where entries have been lawfully liquidated, a subsequent court decision affecting the duty rate for the relevant period

---

[12] As the Court of Appeals summarized, for deemed liquidation to occur: "(1) the suspension of liquidation that was in place must have been removed; (2) Customs must have received notice of the removal of the suspension; and (3) Customs must not liquidate the entry at issue within six months of receiving such notice." See Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364, 1376 (Fed. Cir. 2002).

is powerless to alter the duties already assessed. See Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983).

The liquidation of the AR2 entries at the rate required by the ADD order at the time of entry and asserted by the importer of record on the entry documentation is in accordance with law, because the entries were deemed liquidated prior to the revocation of the ADD order. Specifically, Commerce gave notice on July 18, 2013 of rescission of AR2 and instructed CBP to liquidate all entries of Chang Chun's subject PVA made during the AR2 period at the cash deposit rate at the time of entry, i.e., 3.08%.[13] See July Notice at ¶ 1.[14] That notice, which had an effective date of July 1, 2013, started a six-month timeframe for Commerce to liquidate the entries, or, failing that, the entries would be deemed liquidated. Id.; 19 U.S.C. § 1504(d). Therefore, those entries were deemed liquidated weeks prior to the issuance of the Timken Notice on January 28, 2014.

Although Perry considers Defendant's position with respect to the AR2 entries to be "concerning" and based on an "ever-shifting presentation of the facts," Perry does not contest the facts underlying the deemed liquidation of its AR2 entries. See generally Pl.'s Resp. Def.'s Letter at 1–3. Perry, instead, requests the court to focus on the CBP's liquidation dates of its AR2 entries as reflected in CBP's spreadsheet

---

[13] Commerce suspends liquidation in accordance with a request for administrative review. See 16 U.S.C. § 1675.

[14] The AR2 entries, as Commerce noted in its instruction, were not enjoined from liquidation. See July Notice at ¶ 3.

records. Id. at 2 (citing All POR2 Entries Imported by Perry Chemical Corporation, CD1). However, even if the liquidation dates reflected in those records follow the publication date of the Timken Notice, those liquidation dates are meaningless because the entries were already deemed liquidated by statute. See 19 U.S.C. § 1504(d); see also July Notice at ¶ 1. Perry did not act to forestall liquidation. Cf. Perry I, 43 CIT at __, 375 F. Supp. 3d at 1334–39. Therefore, Perry is not entitled to recover with respect to its AR2 entries, which were deemed liquidated prior to January 28, 2014. Cf. Zenith Radio Corp., 710 F.2d at 810.

## II.　Open Period Entries

With respect to Perry's Open Period entries, the parties agree that Commerce's Post-Timken Instructions unlawfully direct liquidation of Open Period entries at the cash deposit rate required at the time of entry and, further, that Perry is entitled to reliquidation of Open Period entries that were produced and exported by Chang Chun for which Perry was the importer and paid cash deposits. See Pl.'s Br. at 5–7; see also Def.'s Br. at 8–9; Answer at 7. The court also agrees.

Under section 1516a(c)(1), entries not liquidated at the time Commerce revoked the ADD order would no longer constitute merchandise "covered by a determination of the Secretary." See 19 U.S.C. § 1516a(c)(1). It would therefore be unlawful for Commerce to liquidate such entries at the rate established in the ADD order and in place at the time of entry. See id.; see also Timken Co. v. United States, 893 F.2d 337, 341–42 (Fed. Cir. 1990) (explaining that 19 U.S.C. § 1516a(c)(1) carries

Court No. 15-00168                                                                                                                                                                                       Page 14
**PUBLIC VERSION**

a presumption of correctness with respect to Commerce's determinations, but that presumption "disappears" when the Court of International Trade or the Court of Appeals for the Federal Circuit issues a decision contrary to that determination, and that liquidation should be in accordance with the conclusive decision). Where Commerce's liquidation instructions are unlawful, a party may seek reliquidation. Shinyei, 355 F.3d at 1309.

    Here, Commerce's Post-Timken Instructions unlawfully order liquidation of Open Period entries following the revocation of the ADD Order. With the publication of the Timken Notice on January 28, 2014, Perry's unliquidated Open Period entries were no longer covered by the ADD Order. See 19 U.S.C. § 1516a(c)(1). Therefore, Commerce's Post-Timken Instruction to CBP to "assess antidumping duties at the cash deposit rate required at the time of entry" on the unliquidated Open Period entries is unlawful. Post-Timken Instructions at ¶ 4. Perry is entitled to a refund for the duties paid, plus interest, for the Open Period entries for which it was the importer and paid cash deposits on imports of Chang Chun PVA.[15] Cf. Perry I, 43 CIT at __, 375 F. Supp.3d at 1332 (holding that Perry is entitled to assert its claim only with respect to entries for which it was the importer and paid cash deposits).[16]

---

[15] Perry listed the Open Period entries at issue. See Pl.'s Br. at Attach.

[16] In Defendant's reading, Perry's Rule 56.1 motion encompasses all Chang Chun entries made during the Open Period that Perry did not itself import. See Def.'s Br.

(footnote continued)

Court No. 15-00168 Page 15
**PUBLIC VERSION**

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the agency record is granted in part and denied in part. Judgment will enter accordingly.

                                      /s/ Claire R. Kelly
                                      Claire R. Kelly, Judge

Dated:      July 22, 2020
               New York, New York

---

at 8. However, in light of Perry I, where the court held that Perry lacked standing with respect to entries for which it was not the importer, Defendant notes that "[t]he disagreement may just be over semantics." Id. at 8. Plaintiff confirms in its reply brief that its complaint concerns entries produced and exported by Chang Chun for which Perry paid cash deposits. Reply Br. of Pl. [Perry] at 1–2, Mar. 18, 2020, ECF No. 89.